**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 15 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MING QING XUE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1616

Agency No.
A209-156-544

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2024[**]
Honolulu, Hawaii

Before: PAEZ, M. SMITH, and KOH, Circuit Judges.

Ming Qing Xue, a native and citizen of China, petitions for review of an

order of the Board of Immigration Appeals ("BIA") denying his application for

asylum and withholding of removal. Xue alleged he suffered past persecution in

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

China on account of his Christian religion and his opposition to China's family planning policies. He additionally alleged a fear of future persecution on account of his Christian religion.

Xue argues that the BIA erred in affirming the Immigration Judge's ("IJ") adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review adverse credibility determinations for substantial evidence. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Under this deferential standard, factual findings, including credibility determinations, are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)). We deny the petition in part and remand. We deny the petition for review with respect to Xue's claims of past persecution. We remand only with respect to the government's request that the BIA consider Xue's claim of future persecution in the first instance. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

*1. Adverse Credibility Determination.* The BIA adopted the IJ's adverse credibility determination, finding that there was no clear error in the IJ's reasoning. To the extent the BIA reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's. *Parada v.*

*Sessions*, 902 F.3d 901, 909 (9th Cir. 2018). The IJ found that Xue was not credible due to inconsistencies in his testimony about his employment, statements on his I-589 application, and his past visa applications, among other matters. In assessing an adverse credibility finding, we look to the "totality of the circumstances[] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Substantial evidence supports the BIA's adverse credibility determination.

The BIA relied on discrepancies in Xue's employment history in making its adverse credibility finding. Xue testified that he was working in Shanxi province at a mine facility at the time his wife was subjected to the sterilization procedure, but on his I-589 form, he wrote that he had been working in Guizhou province for a railway company. When confronted with the discrepancy, Xue "paused for a long time," then eventually conceded that "he had been to many places," so he "just 'randomly' put one of them on his Form I-589." The BIA adopted the IJ's finding that this concession called into question the trustworthiness of the entirety of Xue's asylum application.

Xue's inconsistent testimony about where he was during the event that led to his claim of persecution is a sufficient ground to support an adverse credibility determination. *See, e.g.*, *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) (petitioner's "inability to consistently describe the underlying events that gave rise

to his fear was an important factor that could be relied upon by the IJ in making an adverse credibility determination.").

The BIA also relied on discrepancies in Xue's credible fear interview in affirming the IJ's adverse credibility determination. The IJ noted that in the interview, Xue failed to mention anything relating to his wife's sterilization or his beating by family planning officials, both of which he subsequently relied on in making a claim for asylum. These discrepancies are compounded by the fact that Xue later testified that he was intending to apply for asylum in the United States in 2013 on account of his wife's forced sterilization. This admission indicates that Xue should have mentioned his wife's sterilization to the asylum officer, and undermines the veracity of his claims. These discrepancies are sufficiently specific and cogent reasons relied on by the BIA in its adverse credibility determination. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186–88 (9th Cir. 2016).

Under the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005), if an IJ does not find the petitioner's testimony to be sufficient alone, "the IJ may require corroborative evidence." *Yali Wang*, 861 F.3d at 1009 (citing *Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011)). The BIA found that Xue's corroborating evidence was insufficient to redeem the inconsistencies in his testimony. Xue provided a letter from his wife, which the BIA found to directly contradict parts of his testimony. In the absence of credible testimony, the evidence provided by Xue

does not compel a different conclusion. *See id.* The agency's adverse credibility determination is thus supported by substantial evidence. We therefore deny Xue's petition with regard to his claims of past persecution.

*2. Future Persecution Claim.* A showing of past persecution is not required to qualify for asylum. *Sharma v. Garland*, 9 F.4th 1052, 1065 (9th Cir. 2021). A petitioner may be eligible for asylum based on a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). To prevail, an applicant must show "both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution upon return to the country in question." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). A well-founded fear needs to be both subjectively genuine and objectively reasonable. *See Parada*, 902 F.3d at 909.

Xue testified that he had a fear of future persecution on account of his Christian religion if returned to China. The IJ found that Xue had not shown that he was at "any distinct risk of persecution," and thus concluded there was not a one-in-ten chance of future persecution. The BIA, however, did not discuss future persecution in its order.

Because the BIA did not address Xue's claim of future persecution, the government notes that "remand appears to be warranted" so that the BIA can consider this issue in the first instance. Accordingly, we remand to the BIA only

for consideration of Xue's future persecution claim.

Each party shall bear its costs on appeal.

**PETITION DENIED IN PART; REMANDED.**